IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NICKHOLAS KNIGHT, #274518, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-135-TMH |
| ) | [WO] |
| ) | |
| KIM THOMAS, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this civil action, Nickholas Knight, an indigent state inmate, alleges correctional officials are subjecting him to unconstitutional conditions of confinement at the Fountain Correctional Facility.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama in accordance with the directives of 28 U.S.C. § 1404.[1]

**II. DISCUSSION**

A civil action asserting a violation of a prisoner's constitutional rights may be

---

[1] Knight filed an application for leave to proceed *in forma pauperis*. *Doc. No. 2*. However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, the court concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

brought "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The Fountain Correctional Facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama. In addition, Cynthia White, the warden of Fountain and one of two named defendants, resides in the Southern District of Alabama as do all individuals personally involved in the daily operation of this correctional facility. Although by virtue of his position as commissioner of the Alabama Department of Corrections the remaining defendant, Kim Thomas resides in the Middle District of Alabama, he is subject to service of process throughout the state and commonly defends suits in all federal courts of this state.[2] It is therefore clear that the majority of witnesses and evidence associated with this case are located in the Southern District of Alabama.

In light of the foregoing, the court concludes in the interest of justice and for the

---

[2] This court makes not determination with respect to the merits of the plaintiff's claims for relief against either named defendant.

convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that **on or before April 3, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of March, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE